United States District Court
Northern District of Indiana
Hammond Division

| | | |
|---|---|---|
| MARCUS MOSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:11-CV-435 JVB |
| | ) | |
| TIMOTHY ARMSTRONG, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on Magistrate Judge Paul Cherry's Report and Recommendation (DE 21) regarding Defendant Timothy Armstrong's motion to dismiss Plaintiff Marcus Mosley's petition for protective order for lack of subject matter jurisdiction, in accordance with Federal Rule of Federal Procedure 12(b)(1) (DE 16).

Plaintiff's petition, originally filed in state court, was later removed by Defendant to this Court. Plaintiff submits that he needs protection from Defendant who has "threatened [him] to cause physical harm," "placed [him] in fear of physical harm," and "committed stalking against [him]." (Pl.'s Petition, DE 1, at 7.) Although Plaintiff's complaint does not mention this, in his motion to dismiss, Defendant has explained that both men are career employees at the Illinois Division of the Department of Transportation of the Federal Motor Carrier Safety Administration. In fact, Defendant is Plaintiff's supervisor. As a result, Defendant argues that Plaintiff's petition amounts to a mere employment dispute which should be resolved by the Merit Systems Protection Board pursuant to the Civil Service Reform Act of 1978, not this Court.

Judge Cherry recommends that Defendant's motion be denied. He notes that, while Defendant explains the relationship between the parties, the petition itself gives no indication

1

that Plaintiff is trying to resolve an employment dispute or seeks redress against Defendant as his supervisor. As written, the petition only asks that Plaintiff be protected from Defendant stalking him or causing physical harm. And, while the practical effect of Plaintiff's victory on the merits may be that a different supervisor would have to be assigned to him, this does not mean that the underlying dispute becomes a personnel matter under the Civil Services Reform Act. In short, Judge Cherry determined that the allegations in Plaintiff's petition control, which are not subject to the Civil Services Reform Act. If Plaintiff were later to allege prohibited personnel practices, such allegations would be beyond the scope of his petition and, therefore, disallowed.

Defendant objected to Judge Cherry's report and recommendation, insisting that Plaintiff has raised in this Court a mere employment dispute and no more. Defendant's objection is nearly identical to his motion to dismiss, which Judge Cherry thoroughly addressed.

Under Federal Rule of Civil Procedure 72(b), the District Court reviews the Magistrate Judge's recommended disposition de novo. After reviewing the recommendation de novo, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Having reviewed Judge Cherry's report and recommendation, as well as Defendant's objection, the Court adopts Judge Cherry's opinion as its own. Judge Cherry has adequately explained why this Court has jurisdiction over Plaintiff's narrowly-framed petition for protective order. If Plaintiff decides to turn this matter into an employment dispute, he will be prohibited from doing so. As written, however, Plaintiff's petition is outside the realm of the Civil Services Reform Act.

Accordingly, the Court overrules Defendant's objection (DE 22), accepts Judge Cherry's Report and Recommendation (DE 21), and denies Defendant's motion to dismiss (DE 16).

Defendant may ultimately prevail in his contentions at summary judgment juncture, but at this point Plaintiff is allowed to proceed with his case.

However, in light of the Court's findings, **within 14 days of this order**, the parties must submit simultaneous briefs addressing the question whether this case was properly removed from state court.[1]

SO ORDERED on March 26, 2013.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge

---

[1] Defendant purported to remove this case pursuant to 28 U.S.C. § 1442(a)(1) "because this is a civil action against defendant for his alleged acts under color of an officer of the United States Department of Transportation, an agency of the United States." (Notice of Removal, DE 2, at 1.)