UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARCUS MOSLEY,        ) | |
|     Plaintiff,        ) | |
|             ) | |
|     v.        ) | CAUSE NO.: 2:11-CV-435-JVB-PRC |
|             ) | |
| TIMOTHY ARMSTRONG,        ) | |
|     Defendant.        ) | |

**FINDINGS, REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on an Order [DE 28] issued by District Court Judge Joseph Van Bokkelen on May 9, 2013, referring this matter to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on the question of whether this Court has subject matter jurisdiction over this case. This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(c). For the following reasons, the Court recommends that Judge Van Bokkelen find that the Court has subject matter jurisdiction over this case based on the proper removal of the Petition for Protective Order pursuant to 28 U.S.C. § 1442.

**PROCEDURAL BACKGROUND**

On November 3, 2011, Plaintiff Marcus Mosley filed a Petition for an Order for Protection and Request for a Hearing–Filed by Person Seeking Protection ("Petition for Protective Order") against Defendant Timothy Armstrong in the Lake County, Indiana Superior Court. In the Petition for Protective Order, Mr. Mosley checked the box indicating that he filed the petition for himself because he is or has been a victim of stalking and that Mr. Armstrong had committed stalking against him. Mr. Mosley checked the following three pre-printed options to describe how Mr.

Armstrong was stalking him: (1) "the Respondent threatened to cause physical harm to me;" (2) "the Respondent placed me in fear of physical harm;" and (3) "the Respondent committed stalking against me." Petition, § 7.

In the Petition for Protective Order, Mr. Mosley indicates that there are two pending Equal Employment Opportunity Commission cases involving Mr. Armstrong and himself.

In the section of the Petition for Protective Order asking Mr. Mosley to describe the relevant incidents, Mr. Mosley indicates that the first event took place on July 21, 2010, at his residence: "Mr. Armstrong called my home, cursed me and threatened he was going to get me." Petition, § 8. He indicates that he and Thereasa Mosley were present during the incident.

Mr. Mosley identifies the second event as taking place in February 2011, by "mail," when "Mr. Armstrong submitted a[sic] ficticious[sic] dates and lied to attempt the agency to suspend me." *Id*. He indicates that no one else was present.

Finally, Mr. Mosley identifies a third event that occurred on October 27, 2011, at "I-94," explaining that "Tim Armstrong - said he was in the/and or around[sic] and decided to stop & talk. Tim Armstrong works in Springfield IL office." *Id*. He indicates that no one else was present.

Mr. Mosley selected three of the pre-printed forms of relief listed on the Petition for Protective Order, asking the Court to prohibit Mr. Armstrong (1) "from committing, or threatening to commit, acts of domestic or family violence, stalking, or sex offenses against me;" (2) "from committing, or threatening to commit, acts of domestic or family violence, stalking, or sex offenses against my family or household members . . . ;" and (3) "from harassing, annoying, telephoning, contacting, or directly or indirectly communicating with me." *Id*.

2

On November 23, 2011, Mr. Armstrong removed the Petition for Protective Order to this Court pursuant to 28 U.S.C. § 1442(a)(1), asserting that this is a civil action against him for his alleged acts under color of an office of the United States Department of Transportation, an agency of the United States. In the Notice of Removal, Mr. Armstrong indicates that he received at his place of federal employment by certified mail a Summons, the Petition for Protection Order, and an Order of the Court directing him to appear for a hearing at Lake County, Indiana Superior Court on November 29, 2011.

On January 12, 2012, Judge Van Bokkelen referred the Petition for Protective Order to the undersigned Magistrate Judge for a report and recommendation. That same date, the Petition for Protective Order was set for a hearing for January 20, 2012, before the undersigned Magistrate Judge. On January 20, 2012, counsel for Mr. Armstrong appeared at the hearing; however, Mr. Mosley did not appear. Counsel for Mr. Armstrong produced correspondence from Mr. Mosley indicating that a medical condition may have been the reason for Mr. Mosley's failure to attend the hearing. At the hearing, counsel for Mr. Armstrong asserted that the Civil Service Reform Act ("CSRA") applies in this case and asked the Court for leave to file a dispositive motion. The Court granted the request and set a dispositive motion deadline.

On March 29, 2012, Mr. Armstrong filed a Motion to Dismiss. Judge Van Bokkelen referred the motion for a report and recommendation. On May 30, 2012, the undersigned Magistrate Judge issued a Report and Recommendation, recommending denial of the Motion to Dismiss. Rather than file an objection to the May 30, 2012 Report and Recommendation, Mr. Armstrong filed a second Motion to Dismiss on June 18, 2012.

On September 25, 2012, Judge Van Bokkelen adopted the May 30, 2012 Report and Recommendation and denied the March 29, 2012 Motion to Dismiss. Judge Van Bokkelen further referred the June 18, 2012 Motion to Dismiss for a report and recommendation. On January 14, 2013, the undersigned Magistrate Judge issued a Report and Recommendation, recommending denial of the second Motion to Dismiss. On January 22, 2013, Mr. Armstrong filed an objection to the Report and Recommendation. On March 26, 2013, Judge Van Bokkelen adopted the report and recommendation and denied the Motion to Dismiss. In the same Order, Judge Van Bokkelen ordered the parties to submit simultaneous briefs addressing the question of whether this case was properly removed from state court. Defendant filed his brief on April 24, 2013. Plaintiff has not filed a brief.

On May 9, 2013, Judge Van Bokkelen referred this question to the undersigned magistrate judge.

**ANALYSIS**

In the Court's May 30, 2012 Report and Recommendation, the Court *sua sponte* addressed the question of the Court's jurisdiction upon removal from state court over this Petition for Protective Order:

> As an initial matter, although Mr. Mosley does not challenge Mr. Armstrong's removal of this matter, the Court considers its jurisdiction upon removal from state court over this Petition for Protective Order. Mr. Armstrong removed the Petition to this Court pursuant to 28 U.S.C. § 1442(a)(1), which provides for the removal to the district court of the United States of "[a] civil action . . . that is commenced in a State court and that is against or directed to . . . any officer (or any person acting under that officer) of the United Sates or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). Section 1442(c) provides, in relevant part, that, "[a]s used in subsection (a), the term[] 'civil action' . . . include[s] any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a *judicial*

4

*order*, including a subpoena for testimony or documents, is sought or issued." 28 U.S.C. § 1442(c) (emphasis added).

The Supreme Court has held that a federal officer's act by itself is insufficient grounds for removal; the officer also must aver a federal defense to the litigation. *Mesa v. California*, 489 U.S. 121, 133-34 (1989). The essential purpose of § 1442(a)(1) is to ensure that federal officers have a federal forum in which to assert defenses of official immunity. *Willingham v. Morgan*, 395 U.S. 402, 407 (1969); *see also Rodas v. Seidlin*, 656 F.3d 610, 617 (7th Cir. 2011) (summarizing the history of § 1442(a) and citing *Willingham*'s holding regarding the primary purpose of § 1442(a)); *Wisconsin v. Schaffer*, 565 F.2d 961, 964 (7th Cir. 1977) ("The purpose of the removal statute is to insure a federal forum for cases where federal officials must raise defenses arising out of their official duties.").

Removal under § 1442 is an exception to the general rule that removal statutes are construed narrowly. *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999); *Rodas*, 656 F.3d at 618. Although the burden of establishing federal jurisdiction remains on the defendant under § 1442, the Supreme Court has held that "the policy favoring removal should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) (internal quotations omitted). The defense asserted by the federal officer need only be "plausible," not necessarily successful, for removal under § 1442(a). *Winters v. Taylor*, 333 F. App'x 113, 115 (7th Cir. 2009) (quoting *Venezia v. Robinson*, 16 F.3d 209, 212 (7th Cir. 1994)).

The state proceeding in this case constitutes a "civil action" under § 1442(c) because Mr. Mosley sought a judicial order of protection. Although Mr. Armstrong does not allege a federal defense in the notice of removal, he has nevertheless asserted, through his Motion to Dismiss, the defense that Mr. Mosley's action is preempted by the CSRA. Accordingly, removal jurisdiction is proper under § 1442. *See Willingham*, 395 U.S. at 408 n.3 (noting that the only facts offered by the defendant demonstrating that the plaintiff's suit grew out of conduct under color of office appeared in support of the motion for summary judgment, but nevertheless reasoning that "for purposes of this review it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits."); *see also Pretlow v. Garrison*, 420 F. App'x 798, 801-02 (10th Cir. 2011) (finding that removal was proper under § 1442(a)(1), in part, because the defendant had alleged a colorable federal defense by asserting federal preemption by the CSRA over the plaintiff's employment-related claims).

Although not citable as precedent pursuant to Circuit Rule 32.1(d) of the United States Court of Appeals for the Seventh Circuit,[1] the Court notes that the factual situation in *Patterson v. G.W. Wendel* is strikingly similar to this case such that *Patterson* is persuasive, especially given the paucity of case law addressing the

---

[1] Rule 32.1(d) of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit provides: "No order of this court issued before January 1, 2007, may be cited except to support a claim of preclusion (res judicata or collateral estoppel) or to establish the law of the case from an earlier appeal in the same proceeding."

5

removal of a state court petition for protective order under § 1442(a). *See Patterson v. G.W. Wendel*, 1992 WL 389918, 983 F.2d 1073 (Table), (7th Cir. Dec. 28, 1992) (unpublished). In *Patterson*, the court held that the federal employee plaintiff's Indiana state law petition for a permanent protective order against her supervisor for actions the supervisor alleged he took in the course of his employment was properly removed under § 1442(a). *Id*. at *2.² The defendant supervisor alleged a potentially valid federal defense to the litigation, namely that he was immune from suit because he was acting within the scope of his authority. *Id*. The district court then proceeded to address the merits of the plaintiff's petition, denying the petition for a permanent protective order, which the Court of Appeals affirmed. *Id*. at *4.

May 30, 2012 Report and Recommendation.

In his brief, Mr. Armstrong argues that Judge Van Bokkelen's adoption of the May 30, 2012 Report and Recommendation constitutes an adoption of the removal analysis therein such that the finding that this Court has subject matter jurisdiction based upon proper removal is now the law of the case. The law-of-the-case doctrine "advises against revisiting earlier rulings 'absent a compelling reason, such as manifest error or a change in the law.'" *Toliver v. Pollard*, 688 F.3d 853, 861 (7th Cir. 2012) (quoting *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007)). The Seventh Circuit Court of Appeals has found that the law-of-the-case doctrine may properly be applied to the question of subject matter jurisdiction when there is no "significant difference" in the legal landscape that warrants re-examination of a jurisdictional ruling. *See Sierra Club v. Khanjee Holding (US) Inc.*, 655 F.3d 699, 704 (7th Cir. 2011).

In his brief, Mr. Armstrong cites the Seventh Circuit Court of Appeals' analysis of the federal officer removal statute in *Ruppel v. CBS Corp.*, 701 F.3d 1176 (7th Cir. 2012), which was issued after the May 30, 2012 Report and Recommendation, for its articulation of the statute's four requirements: "[the defendant] must show it was a (1) 'person' (2) 'acting under' the United States,

---

² The Court of Appeals rejected plaintiff's argument that the district court erred by considering the jurisdictional issue before addressing the merits of her application for a protective order. *Patterson v. G.W. Wendel*, 1992 WL 389918, 983 F.2d 1073, *3 (Table), (7th Cir. Dec. 28, 1992) (unpublished).

6

its agencies, or its officers (3) that has been sued 'for or relating to any act under color of such office,' and (4) has a colorable federal defense to the plaintiff's claim." *Id*. at p. 1180-81 (quoting 28 U.S.C. § 1442(a); citing *Mesa*, 489 U.S. at 132-34).

Although the Court's focus in the removal analysis was primarily whether the Petition for Protective Order constituted a "civil action" for purposes of the removal statute and whether Mr. Armstrong had a "colorable federal defense to Plaintiff's claim," facts supporting the other elements identified in *Ruppel* were recognized in the May 30, 2012 Report and Recommendation. As for the first element, there is no question that Mr. Armstrong is a "person" under the statute because the "words 'person' and 'whoever' include . . . individuals." 1 U.S.C. § 1 (titled "Words denoting number, gender, and so forth").

As for the second and third elements, the Court recognized in the May 30, 2012 Report and Recommendation that, on the information before the Court at the time of the ruling on the Motion to Dismiss by way of uncontested background offered by Mr. Armstrong, Mr. Mosley worked out of his home in Gary, Indiana, by permission of his federal employer. The Court noted that Mr. Mosley received work assignments and other communications from his supervisor, Mr. Armstrong, either in person or by telephone, mail, or electronic mail. The Court also recognized that Mr. Armstrong asserted in the Notice of Removal that this action was brought against him for his alleged acts under color of an office of the United States Department of Transportation, an agency of the United States, and that he had received at his place of federal employment by certified mail a Summons, the Petition for Protective Order, and an Order of the Lake County, Indiana Superior Court directing him to appear for a hearing.

Thus, the Court acknowledged facts supporting that Mr. Armstrong was both "'acting under' the United States, its agencies, or its officers" and that he had been sued "for or relating to any act under color of such office" for the alleged conduct identified in the Petition for Protective Order. In support of his brief on this jurisdictional issue, Mr. Armstrong offers the following additional facts by way of his sworn Declaration that constitute further evidence to support a finding that he satisfies the second and third elements. Mr. Armstrong is a federal Field Manager who issues work assignments to Mr. Mosley and who reviews Mr. Mosley's work at the Springfield Illinois Division of the United States Department of Transportation, Federal Motor Carrier Safety Administration ("DOT"). All of Mr. Armstrong's interactions with Mr. Mosley have been in his capacity as his Field Manager at DOT, and Mr. Armstrong never has interacted with Mr. Mosley on a personal basis. Thus, this lawsuit would not exist absent Mr. Armstrong's formal employment relationship with Mr. Mosley. *See Willingham*, 395 U.S. at 409 (finding it sufficient for petitioners to have shown that their relationship to the respondent derived solely from their official duties).

Finally, as to the fourth element, the Court found in the May 30, 2012 Report and Recommendation that Mr. Armstrong had satisfied this element because he has asserted a colorable defense of preemption by the CSRA in the Motion to Dismiss. Although the defense was ultimately unsuccessful, the asserted defense need only be "plausible," not necessarily successful, for removal under § 1442(a). *See* May 30, 2012 Report and Recommendation (citing *Winters*, 333 F App'x at 115 (quoting *Venezia*, 16 F.3d at 212)).

The Seventh Circuit's articulation of the elements of the federal officer removal statute in *Ruppel* does not constitute a "significant difference" in the legal landscape warranting re-

examination of the jurisdictional issue, nor are there any other compelling reasons for the Court to revisit its earlier ruling.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Judge Van Bokkelen find that this Court has subject matter jurisdiction over this case as a result of the proper removal of the Petition for Protective Order under 28 U.S.C. § 1442. This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

Upon approval of this Report and Recommendation, the Court will immediately set this matter for an in-person hearing on the Petition for Protective Order [DE 1] pursuant to Judge Van Bokkelen's Order [DE 4] that refers the Petition for an Order to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

SO ORDERED this 21st day of May, 2013.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc:    All counsel of record
        Pro se Plaintiff